NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN MILLER,

    Plaintiff,

v.

UNIVERSITY OF MEDICINE &
DENTISTRY OF NEW JERSEY, et al,

    Defendants.

Civil Action No. 2:12-cv-04045 (CCC) (JAD)

OPINION

JOSEPH A. DICKSON, U.S.M.J.

    This matter comes before this Court on the application of *pro se* plaintiff Shawn Miller ("Plaintiff") for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) (the "Application"). Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, it is the finding of this Court that Plaintiff's Application is **denied without prejudice**.

    I.    **BACKGROUND.**

    This matter involves the application for appointment of pro bono counsel for a *pro se* litigant, who was to finish serving his sentence at the Southern State Correctional Facility on January 12, 2013. This Court previously declined to appoint pro bono counsel to Plaintiff in an Opinion dated December 18, 2012. (Opinion, ECF No. 4). The facts underlying Plaintiff's renewed Application are largely identical to those of his initial request for pro bono counsel, with two exceptions. First, in the renewed Application, Plaintiff noted that he was to be released from the Southern State Correctional Facility on January 12, 2013 and would reside at 166 Morse Place, Englewood, NJ 07631. (Application for Pro Bono Counsel, ECF No. 9). Second, Plaintiff

stated that he was not able to obtain an attorney from private firms or through the referral services offered at the New Jersey State Bar Association and the Essex County Bar Association. (Id.).

According to the Complaint, Plaintiff is a diabetic who was previously housed in the Northern State Prison ("Northern State") in Newark and was put on a "special diet" by a prison doctor due to his medical condition. (Compl. ¶ 1, ECF No. 1). According to Plaintiff, Northern State did not follow doctor's recommendation and served Plaintiff food containing a substantial amount of carbohydrates, causing Plaintiff's blood sugar level to rise. (Id.) Plaintiff claimed he suffered multiple diabetic seizures but received no medical treatment. (Id.) He alleged that defendant UMDNJ never provided the kitchen staff at Northern State with his doctor's order and that defendant Paul Lagana, who is the Administrator for Northern State, failed to take any action upon receipt of Plaintiff's administrative remedy complaints. (Id.)

In addition, Plaintiff claimed that defendant Nurse James made sexual advances against him during his time at Northern State. (Compl. ¶ 2, ECF No. 1). Specifically, Plaintiff alleged that Nurse James asked him to perform oral sex and threatened to assault and tamper with his medical treatments if he did not comply. (Compl. ¶ 2, ECF No. 1). When Plaintiff submitted a complaint against Nurse James, Nurse James threatened Plaintiff and stated that "the remedy forms were useless complaints." (Compl. ¶ 2, ECF No. 1). Moreover, on April 22, 2012, as Plaintiff was receiving his insulin shots, Nurse James allegedly assaulted the Plaintiff and sprayed the injection in Plaintiff's face. (Compl. ¶ 4, ECF No. 1). The incident was allegedly witnessed by a correction officer and another inmate. (Compl. ¶ 4, ECF No. 1).

Also, Plaintiff alleged that Administrator Lagana failed to address Plaintiff's complaints about the conditions in the Administrative Segregation Unit at Northern State, which included

issues regarding an unsanitary shower floor, lack of access to hot showers, and Plaintiff's development of a resistant foot fungus as a result of these conditions. (Compl. ¶ 3, ECF No. 1).

## II.   LEGAL STANDARD.

District courts have the authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C § 1915(e)(1). Civil litigants have neither a constitutional nor statutory right to appointed counsel. Parham v. Johnson, 1269 F.3d 454, 456-57 (3d Cir. 1997). Accordingly, the Third Circuit directed that district courts should first determine whether a *pro se* party's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994). Assuming the claim has merit, the Third Circuit promulgated a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors are: (1) the *pro se* party's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery and the *pro se* party's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the *pro se* party can afford counsel on his own behalf. See Parham, 12 F.3d 454; Tabron, 6 F.3d at 155, 158. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. (Id. at 157.) Furthermore, the Court does not need to find that each of the Tabron factors is met before appointing a *pro bono* counsel. Brandt v. Ganey, No. 3:06-cv-5639, 2008 WL 5416393, at *11 (D.N.J. Dec. 22, 2008).

The Third Circuit further emphasized that "volunteer lawyer time is extremely valuable" and, for that reason, "district courts should not request counsel under § 1915[(e)(1)][1]

---

[1] At the time of Tabron, § 1915(d) governed the appointment of counsel by a district court. Upon the amendment of the statute in 1996, § 1915(e)(1) became the operable statutory provision.

indiscriminately." Tabron 6 F.3d at 157. Finally, the Third Circuit recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." (Id.)

### III. ANALYSIS.

In his initial application, Plaintiff stated that he had been receiving help from a prison paralegal and that he was unable to handle the complexity of his case. (Application for Pro Bono Counsel, ECF No. 3). Plaintiff also stated that he experienced financial difficulty in connection with obtaining counsel. (Id.). The Court, however, ruled that the Plaintiff was not entitled to the appointment of pro bono counsel pursuant to the factors set forth in Tabron. (Opinion, ECF No. 4). Very little has changed since then. In his new Application, Plaintiff continues to demonstrate the ability to present his case and conduct legal research. It is not clear to the Court whether the Plaintiff received assistance from a prison paralegal for his renewed Application. Furthermore, Plaintiff provided no information regarding his education, literacy, and prior work experience; all of which are factors courts consider in analyzing the ability of a plaintiff to represent himself. Tabron, 6 F.3d at 156. Finally, Plaintiff indicated that he would no longer be incarcerated as of January 12, 2013. The Court anticipates that Plaintiff's release should increase his access to resources that may have been limited while he was incarcerated. For example, Plaintiff should have access to public libraries to conduct legal research, greater mobility to contact attorneys for possible legal representation, and opportunities to seek employment and earned income to alleviate his financial difficulty in seeking representation. However, if such is not the case, Plaintiff may renew his application for pro bono counsel.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Application is **denied without prejudice**.

_____  3/19/13
Joseph A. Dickson, U.S.M.J.

cc: Honorable Claire C. Cecchi